The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: January 16 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-33566 |
| | ) | |
| Thomas E. Jones, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

This case is before the court on a document captioned "Rescission of Reaffirmation Agreement." [Doc. # 15]. The document states that Debtor "hereby rescinds the reaffirmation agreement filed by Creditor The Huntington National Bank on January 6, 2015" and requests an order for rescission of that reaffirmation agreement.

Under 11 U.S.C. § 524, a reaffirmation agreement between a debtor and the holder of a claim is enforceable only if, among other things, "the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, *by giving notice of rescission to the holder of such claim.*" 11 U.S.C. § 524(c)(4) (emphasis added). Section 524 thus requires a reaffirmation agreement to include the following instruction:

> You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court whichever occurs later. *To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).*

11 U.S.C. § 524(k)(3)(J)(i). (emphasis added).

Under the statute, rescission of a reaffirmation agreement requires only timely notice of such to the creditor. *See, e.g. In re Reardon,* No. 06-10348-JMD, 2006 WL 1520214, at *1 (Bankr. D.N.H. May 24, 2006) ("rescission [of a reaffirmation agreement] must be completed by the Debtor notifying the creditor); *In re Maynard*, No. 7-11-10539 TL, 2013 WL 1290406, at *5 (Bankr. D.N.M. Mar. 26, 2013) (stating that "[a] reaffirmation agreement is no longer effective if the debtor rescinds at any time prior to discharge or within sixty days after the agreement is filed with the court, which occurs later, by giving notice of rescission to the holder of the claim."); *cf. Jesinoski v. Countrywide Homes Loans, Inc.*, – U.S. –, 2015 WL 144681, at *2, 2015 U.S. LEXIS 607, at *5 (January 13, 2015) (holding that the Truth in Lending Act provision that a borrower "'shall have the right to rescind . . . *by notifying the creditor, in accordance with the regulations of the Board, of his intention to do so*' . . . leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind."). While it may be appropriate to file a notice of rescission with the court, the court has no involvement in such rescission absent a dispute as to its timeliness or receipt by the creditor.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that, to the extent Debtor's Rescission of Reaffirmation Agreement [Doc. # 15] can be construed as a motion, the motion is **DENIED** as unnecessary and procedurally improper.

###